AYRES, Judge.
This is a companion case to that of Mrs. Elvin Coyle Odom v. Texas Farm Products et al, bearing No. 11307 on the docket of this court, with which it was consolidated for trial and which was this day decided (229 So.2d 118). The question of liability was determined in the opinion handed down in the companion case.
Remaining only for consideration is the quantum of the award to which plaintiff is entitled to compensate him for the injuries sustained in the accident. Plaintiff was awarded $15,000.00 for the injuries and disabilities sustained and for the pain and suffering endured as a result of the accident. He was awarded the additional sum of $5,195.22 as special damages, as stipulated by the parties and which consisted of medical expenses incurred on his own behalf in the sum of $2,362.25 and as incurred on behalf of Mrs. Odom in the sum of $1,910.65, as well as $100.00 for property damage to his automobile, as the deductible portion of his insurance coverage; $343.32 for loss of wages; $479.00 for assistance and care of Mrs. Odom and the Social Security tax paid thereon.
Most of the defendants contend, as they did in the companion case, that the general award of damages is excessive and should be reduced; whereas plaintiff, in an answer to the appeals, contends that the award is inadequate and should be increased by the sum of $10,000.00.
Plaintiff sustained serious and permanent injuries, particularly comminuted fractures of the tibial plateaus of both legs and an injury to his chest. These were initially disclosed to Dr. S. W. Pittman, a general practitioner, after plaintiff was taken from the scene of the accident to the Minden Sanitarium. Plaintiff was there found to be in intense pain. After examination and the administration of first aid, plaintiff was transferred to Doctors’ Hospital, in Shreveport, where he was confined for treatment until March 17, 1967, under the care of Dr. W. W. Fox, III, an orthopedic surgeon. Because of plaintiff’s preexisting diabetic and heart conditions, Dr. Herbert D. Tucker, an internist, was called in for consultation and treatment of those disorders.
Plaintiff was placed in “Buck’s” traction for a day, and then long leg casts were applied to both legs, extending from his high thighs to the bases of his toes. These casts were worn for a period of seven- and-a-half weeks. Thereafter, plaintiff remained in bed or in a wheelchair for two months and began walking about mid-April, 1967. He was released to do light work through the use of a walker April 26, 1967, inasmuch as he could perform a portion of his former duties while sitting. This work consisted of fnaking repairs to meters. He was not released for full employment until August 11, 1968. The fractures involved the joints of both knees and were said to have resulted in a 10 percent partial disability of the left lower extremity and 15 percent of the right lower ex *128 tremity. Plaintiff was continuing to experience difficulty with his legs when the case was tried sixteen months after the accident. His legs tired easily and he had difficulty in stooping or squatting. His right foot was prone to turn and his toes to drag in walking. No difficulty persisted with reference to the injury to his chest.
From our review of the record and in considering the awards made in similar cases, we find no abuse of the “much discretion” vested in the trial court.
For the reasons assigned, the judgment appealed, so far as concerns the defendants-appellants Hurchiel W. Crawford, Texas Farm Products Company, and American Motorist Insurance Company, is annulled, avoided, reversed, and set aside; and, as to these defendants, plaintiff’s demands are rejected. The judgment as to the other defendants-appellants is affirmed at their costs.
Reversed in part and affirmed in part.